COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-133-CV

 

 

ESTATE OF JASON RANDALL 

FREDERICK, DECEASED

 

                                              ------------

 

               FROM
PROBATE COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

After a
jury trial in a probate proceeding, the trial court assessed costs and attorney
ad litem fees against Appellant Anieca Frederick, and she now appeals from that
assessment.  In one issue, she argues
that the trial court abused its discretion by taxing the ad litem fees as costs
against her rather than against her son=s
estate.  Because we hold that the trial
court did not abuse its discretion, we affirm.








Anieca=s son
Jason Randall Frederick died on March 13, 2008. 
He was survived by A.F., his minor child.  Samantha Petty, A.F.=s
mother, filed a petition in probate court for declaratory relief to have her
status as surviving spouse established, to determine heirship, and to be
appointed as administratrix of Jason=s
estate.  Anieca subsequently filed her
application for appointment of administratrix, contested Samantha=s
amended application for appointment of administratrix, and requested the court
to determine heirship.

On April
1, 2008, the trial court sua sponte appointed Ross Griffith as attorney ad
litem for Jason=s Aunknown
heirs, missing heirs, nonresident heirs, unborn or unascertained heirs, heirs
with legal disability, minor heirs and/or incapacitated heirs.@  On June 23, 2008, Samantha filed a motion
asking the court to require Anieca to give security for costs, arguing that
Anieca=s
contest would greatly increase the ad litem fees incurred in the case.  The trial court entered an order requiring
both Anieca and Samantha to post security of $5,000.

In
October 2008, the trial court entered an agreed partial judgment declaring that
A.F. was Jason=s only child and his Astatutory
heir at law.@ 
Thus, the only contested issues remaining were whether Samantha was
Jason=s
common-law wife and whether Samantha or Anieca should be appointed
adminstratrix of Jason=s estate.








Griffith
subsequently filed a motion for additional security for costs.  The court granted the motion, requiring both
Anieca and Samantha to post an additional $5,000.

Anieca
filed a motion for summary judgment. 
Griffith requested that the court grant the motion and declare that
there was no common-law marriage between Jason and Samantha.  The court denied the motion.

The
matter proceeded to trial, at which the jury found that Samantha was married to
Jason at the time of his death.  In
accordance with this verdict, the trial court declared Samantha to be the
surviving spouse and Jason=s lawful
heir.  The court also appointed Samantha
as administratrix of Jason=s
estate.

Following
the jury trial, Griffith filed an application for payment of fees and expenses,
requesting $217.56 in expenses and $28,946.50 in fees.  The court entered an order finding that
Griffith was appointed to serve as attorney ad litem; that the services
Griffith rendered on A.F.=s behalf were necessary; and
that Griffith=s expenses and fees in the total
amount of $25,000 were reasonable and just. 
Finding Samantha to be the prevailing party, the court taxed these costs
against Anieca under rule 131 of the rules of civil procedure. Anieca then
filed this appeal.








Anieca
does not appeal the part of the judgment finding Samantha to be Jason=s
surviving spouse.  In her sole issue,
Anieca contends that the trial court abused its discretion by taxing costs
against her.  She argues that under
probate code section 34A[1]
and Ajudani v. Walker,[2]
an opinion from the First Court of Appeals, the trial court should have
assessed Griffith=s fees against Jason=s
estate.

The
provisions regulating costs in ordinary civil cases apply in probate
proceedings except for matters for which the probate code has an express
provision.[3]  Probate code section 34A provides that in a
probate proceeding, the probate judge may appoint an attorney ad litem to
represent a person having a legal disability.[4]  This section further provides that A[e]ach attorney
ad litem appointed under this section is entitled to reasonable compensation
for services in the amount set by the court and to be taxed as costs in the
proceeding.@[5]  The statute does not specify against whom
these costs must be assessed.  In a civil
case, the assessment of costs is within the trial court=s
discretion.[6]













Anieca
argues that the legislative history of section 34A demonstrates that the
legislature intended for these costs to be assessed against the estate.  The legislature adopted section 34A in 1983.  The Adigest@ section
of a bill analysis from the House Study Group (now the House Research
Organization)[7]
states that an attorney or guardian appointed under the statute Awould be
entitled to court-determined fees, which would be charged against the estate.@[8]  The Ajudani court relied on this
language in reaching its holding that costs assessed under section 34A should
be assessed against the estate.[9]  An analysis of the same bill by the committee
on judicial affairs contains no language suggesting against whom the
court-determined fees should be assessed.[10]  We note that the probate code has been
amended a number of times since the legislature enacted section 34A, and the
legislature has never added language expressly providing that costs under
section 34A should be assessed against the estate, even though it used such
language in the section of the code relating to guardianship matters.[11]








We may
consider legislative history when construing a statute, even if the statute is
not ambiguous on its face.[12]  But we must presume that when the legislature
excludes words from a statute, it does so purposely; we may insert additional
words only when necessary to give effect to clear legislative intent.[13]  When a statute is clear and unambiguous, we
may not use legislative history to alter or disregard its express terms or
contradict its plain meaning.[14]  That is, when a statute=s text
is clear, the text is determinative of legislative intent.[15]













Section 34A omits any express provision
specifying which party or parties may be ordered to pay attorney ad litem fees.
Section 12(a) states that provisions regulating costs in ordinary civil cases
apply when the probate code does not otherwise expressly provide.[16]  Under the rules of civil procedure, costs are
generally assessed in favor of the successful party and against the
non-prevailing party, but the court may assess costs differently for good cause
stated on the record.[17]  Because section 34A clearly omits any express
provision regulating costs for appointments under that section, the language of
section 34A shows the legislature=s intent
that provisions regulating costs in ordinary civil cases apply to the
assessment of attorney ad litem fees as costs under that section.[18]  Perhaps the legislature left the assessment
of costs to the trial court=s
discretion because it contemplated the possibility that parties arguing over an
estate could unnecessarily prolong litigation, thereby increasing an ad litem=s fees
and depleting the estate.  Regardless of
whatever reason we could assign to the legislature for drafting the text as it
did, because the text of section 34A is clear and determinative, we
respectfully disagree with the holding of our sister court and decline Anieca=s
request that we use legislative history to alter section 34A.  We hold that the trial court did not abuse
its discretion by applying the provisions regulating costs that govern ordinary
civil proceedings and assessing costs against Anieca.[19]  We overrule Anieca=s sole
issue.

Having overruled Anieca=s sole
issue, we affirm the judgment of the trial court.

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

 

DELIVERED:  April 8, 2010











[1]Tex. Prob. Code Ann. ' 34A (Vernon 2003).





[2]232 S.W.3d 219, 224 (Tex.
App.CHouston [1st Dist.] 2007,
no pet.).





[3]Tex. Prob. Code Ann. ' 12(a) (Vernon 2003).





[4]Id. ' 34A; see also
Austin Nursing Ctr, Inc. v. Lovato, 171 S.W.3d 845, 849 (Tex. 2005)
(noting that Aminors . . . are
considered to be under a legal disability@).





[5]Tex. Prob. Code Ann. ' 34A.





[6]See Tex. R. Civ. P. 131 (AThe successful party to a
suit shall recover of his adversary all costs incurred therein, except where
otherwise provided@); Tex. R. Civ. P. 141 (AThe court may, for good
cause, to be stated on the record, adjudge the costs otherwise than as provided
by law or these rules.@); Crescendo Invs.,
Inc. v. Brice, 61 S.W.3d 465, 480 (Tex. App.CSan Antonio 2001, pet.
denied) (AThe assessment of costs
will be reversed on appeal only if the trial court abused its discretion.@); see also Suiter
v. Woodard, 635 S.W.2d 639, 641 (Tex. App.CWaco 1982, writ ref=d n.r.e.) (ANormally the taxing of an
attorney ad litem fee for minor parties is in the discretion of the trial
court.@); Lofton v. Norman,
508 S.W.2d 915, 922 (Tex. Civ. App.CCorpus Christi 1974, writ ref=d n.r.e.) (AAllowance of an attorney
fee for an attorney ad litem, the amount of the fee, and against whom the fee
shall be taxed are matters within the discretion of the trial court.@).





[7]This independent
administrative department of the Texas House of Representatives provides
objective information to House members about legislation and issues that are
before the Texas Legislature.  See House
Research Organization, About the HRO, http://www.hro.house.state.tx.us/frame6.htm
(last visited Apr. 8, 2010); Legislative Reference Library of Texas, Research
Tools, http://www.lrl.state.tx.us/research/billsearch/help.cfm
(last visited Apr. 8, 2010).





[8]House Study Group, Bill
Analysis, Tex. H.B. 266, 68th Leg., R.S. (1983).





[9]See Ajudani, 232
S.W.3d at 224.





[10]House Comm. on Judicial
Affairs, Bill Analysis, Tex. H.B. 266, 68th Leg., R.S. (1983).





[11]Tex. Prob. Code Ann. ' 669 (Vernon 2003)
(providing that in a guardianship matter, the cost of the guardian ad litem
shall be paid out of the guardianship estate if the estate is sufficient to pay
the costs).





[12]Tex. Gov=t Code Ann. ' 311.023 (Vernon 2005). 





[13]In re M.N., 262 S.W.3d 799, 802
(Tex. 2008); Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 540
(Tex. 1981).





[14]Fleming Foods of Tex.,
Inc. v. Rylander, 6 S.W.3d 278, 284 (Tex. 1999) (stating that legislative history Acannot be used to alter
or disregard the express terms of a code provision when its meaning is clear
from the code when considered in its entirety, unless there is an error such as
a typographical one@); N.P. v. Methodist
Hosp., 190 S.W.3d 217, 222 (Tex. App.CHouston [1st Dist.] 2006, pet. denied) (stating
that courts may not use legislative history to contradict the plain meaning of
a statute).





[15]Entergy Gulf States, Inc.
v. Summers,
282 S.W.3d 433, 437 (Tex. 2009) (op. on reh=g).





[16]Tex. Prob. Code Ann. ' 12(a).





[17]Tex. R. Civ. P. 131, 141;
see also In re Estate of Russell, No. 08‑07‑00187‑CV,
2009 WL 3855950, at *6 (Tex. App.CEl Paso Nov. 18, 2009, no pet.) (affirming trial
court=s award, under rule 131,
of costs against executor individually, rather than against the estate, in
favor of party who successfully contested a will); Ray v. McFarland, 97
S.W.3d 728, 730B31 (Tex. App.CFort Worth 2003, no pet.)
(reversing trial court=s failure to award costs
under rule 131 to the successful party in a will contest); but see Ex=rs of Tartt=s Estate v. Harpold, 531 S.W.2d 696, 698
(Tex. Civ. App.CHouston [14th Dist.]
1976, writ ref=d n.r.e.) (stating that
fee for attorney ad litem representing the decedent=s unknown heirs Amay be ordered paid out
of the assets of the estate as costs@).





[18]See Entergy Gulf States, 282 S.W.3d at 437; In
re M.N., 262 S.W.3d at 802; Cameron, 618 S.W.2d at 540.





[19]See Tex. R. Civ. P. 131,
141; see also Roberts v. Williamson, 111 S.W.3d 113, 124 (Tex.
2003) (holding that trial court had failed to show good cause on the record to assess
guardian ad litem fees against the successful party); Guerra v. Perez &
Assocs., 885 S.W.2d 531, 533B34 (Tex. App.CEl Paso 1994, no writ) (holding that the trial
court abused its discretion by assessing as costs against the successful party
one-half of the fee of court-appointed surveyor without stating good cause for
doing so); Dover Elevator Co. v. Servellon, 876 S.W.2d 166, 169 (Tex.
App.CDallas 1993, no pet.)
(stating that the trial court was not authorized to assess guardian ad litem
fees, which are taxed as costs, against the prevailing party absent good cause
shown on the record).