COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-09-133-CV

ESTATE OF JASON RANDALL
FREDERICK, DECEASED

------------

FROM PROBATE COURT NO. 2 OF TARRANT COUNTY

------------

OPINION

------------

After a jury trial in a probate proceeding, the trial court assessed costs and attorney ad litem fees against Appellant Anieca Frederick, and she now appeals from that assessment. In one issue, she argues that the trial court abused its discretion by taxing the ad litem fees as costs against her rather than against her son's estate. Because we hold that the trial court did not abuse its discretion, we affirm.

Anieca's son Jason Randall Frederick died on March 13, 2008. He was survived by A.F., his minor child. Samantha Petty, A.F.'s mother, filed a

petition in probate court for declaratory relief to have her status as surviving spouse established, to determine heirship, and to be appointed as administratrix of Jason's estate. Anieca subsequently filed her application for appointment of administratrix, contested Samantha's amended application for appointment of administratrix, and requested the court to determine heirship.

On April 1, 2008, the trial court sua sponte appointed Ross Griffith as attorney ad litem for Jason's "unknown heirs, missing heirs, nonresident heirs, unborn or unascertained heirs, heirs with legal disability, minor heirs and/or incapacitated heirs." On June 23, 2008, Samantha filed a motion asking the court to require Anieca to give security for costs, arguing that Anieca's contest would greatly increase the ad litem fees incurred in the case. The trial court entered an order requiring both Anieca and Samantha to post security of $5,000.

In October 2008, the trial court entered an agreed partial judgment declaring that A.F. was Jason's only child and his "statutory heir at law." Thus, the only contested issues remaining were whether Samantha was Jason's common-law wife and whether Samantha or Anieca should be appointed adminstratrix of Jason's estate.

Griffith subsequently filed a motion for additional security for costs. The court granted the motion, requiring both Anieca and Samantha to post an additional $5,000.

Anieca filed a motion for summary judgment. Griffith requested that the court grant the motion and declare that there was no common-law marriage between Jason and Samantha. The court denied the motion.

The matter proceeded to trial, at which the jury found that Samantha was married to Jason at the time of his death. In accordance with this verdict, the trial court declared Samantha to be the surviving spouse and Jason's lawful heir. The court also appointed Samantha as administratrix of Jason's estate.

Following the jury trial, Griffith filed an application for payment of fees and expenses, requesting $217.56 in expenses and $28,946.50 in fees. The court entered an order finding that Griffith was appointed to serve as attorney ad litem; that the services Griffith rendered on A.F.'s behalf were necessary; and that Griffith's expenses and fees in the total amount of $25,000 were reasonable and just. Finding Samantha to be the prevailing party, the court taxed these costs against Anieca under rule 131 of the rules of civil procedure. Anieca then filed this appeal.

Anieca does not appeal the part of the judgment finding Samantha to be Jason's surviving spouse. In her sole issue, Anieca contends that the trial court

3

abused its discretion by taxing costs against her.  She argues that under probate code section 34A[1] and *Ajudani v. Walker*,[2] an opinion from the First Court of Appeals, the trial court should have assessed Griffith's fees against Jason's estate.

The provisions regulating costs in ordinary civil cases apply in probate proceedings except for matters for which the probate code has an express provision.[3] Probate code section 34A provides that in a probate proceeding, the probate judge may appoint an attorney ad litem to represent a person having a legal disability.[4]  This section further provides that "[e]ach attorney ad litem appointed under this section is entitled to reasonable compensation for services in the amount set by the court and to be taxed as costs in the proceeding."[5]

---

[1] ... Tex. Prob. Code Ann. § 34A (Vernon 2003).

[2] ... 232 S.W.3d 219, 224 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

[3] ... Tex. Prob. Code Ann. § 12(a) (Vernon 2003).

[4] ... *Id.* § 34A; *see also Austin Nursing Ctr, Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005) (noting that "minors . . . are considered to be under a legal disability").

[5] ... Tex. Prob. Code Ann. § 34A.

The statute does not specify against whom these costs must be assessed.  In a civil case, the assessment of costs is within the trial court's discretion.[6]

Anieca argues that the legislative history of section 34A demonstrates that the legislature intended for these costs to be assessed against the estate. The legislature adopted section 34A in 1983.  The "digest" section of a bill analysis from the House Study Group (now the House Research Organization)[7] states that an attorney or guardian appointed under the statute "would be

---

[6] ... *See* Tex. R. Civ. P. 131 ("The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided"); Tex. R. Civ. P. 141 ("The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules."); *Crescendo Invs., Inc. v. Brice*, 61 S.W.3d 465, 480 (Tex. App.—San Antonio 2001, pet. denied) ("The assessment of costs will be reversed on appeal only if the trial court abused its discretion."); *see also Suiter v. Woodard*, 635 S.W.2d 639, 641 (Tex. App.—Waco 1982, writ ref'd n.r.e.) ("Normally the taxing of an attorney ad litem fee for minor parties is in the discretion of the trial court."); *Lofton v. Norman*, 508 S.W.2d 915, 922 (Tex. Civ. App.—Corpus Christi 1974, writ ref'd n.r.e.) ("Allowance of an attorney fee for an attorney ad litem, the amount of the fee, and against whom the fee shall be taxed are matters within the discretion of the trial court.").

[7] ... This independent administrative department of the Texas House of Representatives provides objective information to House members about legislation and issues that are before the Texas Legislature.  *See* House Research Organization, *About the HRO*, http://www.hro.house.state.tx.us/frame6.htm (last visited Apr. 8, 2010); Legislative Reference Library of Texas, *Research Tools*, http://www.lrl.state.tx.us/research/billsearch/help.cfm (last visited Apr. 8, 2010).

entitled to court-determined fees, which would be charged against the estate."[8] The *Ajudani* court relied on this language in reaching its holding that costs assessed under section 34A should be assessed against the estate.[9] An analysis of the same bill by the committee on judicial affairs contains no language suggesting against whom the court-determined fees should be assessed.[10] We note that the probate code has been amended a number of times since the legislature enacted section 34A, and the legislature has never added language expressly providing that costs under section 34A should be assessed against the estate, even though it used such language in the section of the code relating to guardianship matters.[11]

We may consider legislative history when construing a statute, even if the statute is not ambiguous on its face.[12] But we must presume that when the legislature excludes words from a statute, it does so purposely; we may insert

---

[8] House Study Group, Bill Analysis, Tex. H.B. 266, 68th Leg., R.S. (1983).

[9] *See Ajudani*, 232 S.W.3d at 224.

[10] House Comm. on Judicial Affairs, Bill Analysis, Tex. H.B. 266, 68th Leg., R.S. (1983).

[11] Tex. Prob. Code Ann. § 669 (Vernon 2003) (providing that in a guardianship matter, the cost of the guardian ad litem shall be paid out of the guardianship estate if the estate is sufficient to pay the costs).

[12] Tex. Gov't Code Ann. § 311.023 (Vernon 2005).

additional words only when necessary to give effect to clear legislative intent.[13] When a statute is clear and unambiguous, we may not use legislative history to alter or disregard its express terms or contradict its plain meaning.[14] That is, when a statute's text is clear, the text is determinative of legislative intent.[15]

Section 34A omits any express provision specifying which party or parties may be ordered to pay attorney ad litem fees. Section 12(a) states that provisions regulating costs in ordinary civil cases apply when the probate code does not otherwise expressly provide.[16] Under the rules of civil procedure, costs are generally assessed in favor of the successful party and against the non-prevailing party, but the court may assess costs differently for good cause

---

[13] *In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981).

[14] *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999) (stating that legislative history "cannot be used to alter or disregard the express terms of a code provision when its meaning is clear from the code when considered in its entirety, unless there is an error such as a typographical one"); *N.P. v. Methodist Hosp.*, 190 S.W.3d 217, 222 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (stating that courts may not use legislative history to contradict the plain meaning of a statute).

[15] *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009) (op. on reh'g).

[16] Tex. Prob. Code Ann. § 12(a).

stated on the record.[17]  Because section 34A clearly omits any express provision regulating costs for appointments under that section, the language of section 34A shows the legislature's intent that provisions regulating costs in ordinary civil cases apply to the assessment of attorney ad litem fees as costs under that section.[18] Perhaps the legislature left the assessment of costs to the trial court's discretion because it contemplated the possibility that parties arguing over an estate could unnecessarily prolong litigation, thereby increasing an ad litem's fees and depleting the estate.  Regardless of whatever reason we could assign to the legislature for drafting the text as it did, because the text of section 34A is clear and determinative, we respectfully disagree with the holding of our sister court and decline Anieca's request that we use legislative history to alter section 34A.  We hold that the trial court did not abuse its

---

[17] Tex. R. Civ. P. 131, 141; *see also In re Estate of Russell*, No. 08-07-00187-CV, 2009 WL 3855950, at *6 (Tex. App.—El Paso Nov. 18, 2009, no pet.) (affirming trial court's award, under rule 131, of costs against executor individually, rather than against the estate, in favor of party who successfully contested a will); *Ray v. McFarland*, 97 S.W.3d 728, 730–31 (Tex. App.—Fort Worth 2003, no pet.) (reversing trial court's failure to award costs under rule 131 to the successful party in a will contest); *but see Ex'rs of Tartt's Estate v. Harpold*, 531 S.W.2d 696, 698 (Tex. Civ. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.) (stating that fee for attorney ad litem representing the decedent's unknown heirs "may be ordered paid out of the assets of the estate as costs").

[18] *See Entergy Gulf States*, 282 S.W.3d at 437; *In re M.N.*, 262 S.W.3d at 802; *Cameron*, 618 S.W.2d at 540.

8

discretion by applying the provisions regulating costs that govern ordinary civil proceedings and assessing costs against Anieca.[19] We overrule Anieca's sole issue.

Having overruled Anieca's sole issue, we affirm the judgment of the trial court.

LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DELIVERED: April 8, 2010

---

[19] ... *See* Tex. R. Civ. P. 131, 141; *see also Roberts v. Williamson*, 111 S.W.3d 113, 124 (Tex. 2003) (holding that trial court had failed to show good cause on the record to assess guardian ad litem fees against the successful party); *Guerra v. Perez & Assocs.*, 885 S.W.2d 531, 533–34 (Tex. App.—El Paso 1994, no writ) (holding that the trial court abused its discretion by assessing as costs against the successful party one-half of the fee of court-appointed surveyor without stating good cause for doing so); *Dover Elevator Co. v. Servellon*, 876 S.W.2d 166, 169 (Tex. App.—Dallas 1993, no pet.) (stating that the trial court was not authorized to assess guardian ad litem fees, which are taxed as costs, against the prevailing party absent good cause shown on the record).