Opinion issued May 5, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01098-CV

———————————

Darryl Walker,
Dependent Administrator of the Estate of Henry Brown, Deceased,
Appellant

V.

Lucy Traylor, Appellee



 



 

On
Appeal from the Probate Court No. 4

Harris
County, Texas



Trial Court Case No. 323,033

 



 

MEMORANDUM
OPINION

Appellant Darryl Walker, dependent
administrator of the estate of Henry Brown, appeals the trial court’s order
denying his request to withdraw an earlier judgment and granting appellee Lucy
Traylor’s motion to enforce the judgment and sanctions.  In four issues, Walker argues the trial court
erred by denying his request to withdraw the earlier judgment and grant a new
trial because (1) he did not receive appropriate notice of the trial setting
from the probate clerk; (2) Traylor’s attorney was not authorized to serve
notice of the trial setting on Walker; (3) Traylor was not entitled to an award
of attorneys’ fees beyond the original amount requested; and (4) there was
insufficient evidence to support the award of attorneys’ fees.  Traylor argues that this court lacks
jurisdiction to consider this appeal.

We affirm.

                                                                                                                                                                
Background

Henry Brown died in 2001. 
George Brown, his son, filed an application to determine heirship,
alleging that Henry had died intestate. 
Traylor, a long-time friend of Henry and his wife, filed an opposition
to George’s application, seeking to probate a copy of Henry’s March 13, 1999
will.  George counter-sued Traylor and
her daughter, the notary public who had drafted the March 13, 1999 will.

The case went to trial and a jury found, among other
things, the will to be valid and effective. 
Based on the jury’s findings, the trial court admitted the will copy to
probate, appointed Traylor to be dependent administratrix, and awarded Traylor
$20,000 in attorneys’ fees.

George appealed.[1]  In that opinion, we affirmed the judgment of
the trial court except for the award of attorneys’ fees to Traylor, which we
remanded for a new trial on that ground alone.[2]

At some point before the new trial, Traylor stepped down
from her position as administratrix due to health reasons.  Walker was appointed as administrator in her
place.

A trial on the matter of attorneys’ fees was held on April
26, 2007.  Traylor and George were
present, but Walker was not.  On May 14,
2007, the trial court rendered a judgment awarding Traylor $33,470.67 in
attorneys’ fees to be paid from the assets of the estate.  The judgment recites that Walker was served
with notice of the trial through his attorney.

Over the next two years, Traylor’s attorney sent at least
two requests for payment to Walker, who refused to pay.  In July 2009, Traylor’s attorney filed a
motion to enforce the award of attorneys’ fees. 
In response, Walker sought—for the first time—for the court to withdraw
its 2007 judgment and reset the trial due to Walker’s alleged lack of notice of
the trial.  The trial court signed an
order on August 31, 2009, finding that Walker had been properly served with
notice of the trial.  The order awarded
an additional $500 in attorneys’ fees as sanctions and ordered the entire
amount owed be paid by September 15, 2009.

On September 8, 2009, Walker filed a notice of appeal,
appealing from “the Trial Court’s May 14, 2007 judgment granting Lucy Traylor’s
request for Attorney’s fees and the Trial Court’s Supplemental Order . . .
signed by the judge on August 31, 2009.”

                                                                                                                                                                  
Jurisdiction

Traylor asserts that this Court lacks jurisdiction to
consider this appeal because Walker did not file a notice of appeal within 30
days of the 2007 judgment.

An appellate court “has jurisdiction over any appeal in
which the appellant files an instrument in a bona fide attempt to invoke the
appellate court’s jurisdiction.”  Verburgt v. Dorner, 959 S.W.2d 615, 616
(Tex. 1997).  “The filing of a notice of
appeal by any party invokes the appellate court’s jurisdiction over all parties
to the trial court’s judgment or order appealed from.”  Tex.
R. App. P. 25.1(b).  Except for
circumstances not applicable in this appeal, a notice of appeal must be filed
within 30 days after the judgment or appealable order becomes final.  See
Tex. R. App. P. 26.1 (setting
30-day deadline for appeal); Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001) (holding appellate court only
has jurisdiction over final judgments except for mostly statutory exceptions).  Failure to file a notice of appeal within the
applicable time period precludes the invocation of an appellate court’s
jurisdiction.  Verburgt, 959 S.W.2d at 617. 
Accordingly, as long as Walker filed his notice of appeal within 30 days
of a final judgment or order identified in the notice of appeal, we have
jurisdiction to consider the appeal.

Walker filed a notice of appeal on September 8, 2009, appealing
from “the Trial Court’s May 14, 2007 judgment granting Lucy Traylor’s request
for Attorney’s fees and the Trial Court’s Supplemental Order . . .
signed by the judge on August 31, 2009.” 
The August 31, 2009 order determined that Walker had been properly
served with notice of the trial setting and enforced the award of attorneys’
fees from the May 14, 2007 judgment.

As it applies to this case, “[a]ll final orders of any
court exercising original probate jurisdiction shall be appealable to the
courts of appeals.”  Act of May 23, 2005,
79th Leg., R.S., ch. 551, § 1, 2005 Tex. Gen. Laws 1476, 1476, repealed by Act of May 31, 2009, R.S.,
ch. 1351, § 12(h), 2009 Tex. Gen. Laws 4273, 4279 (former Probate Code
section 5(g)).  “A probate order is the
functional equivalent of a judgment when it finally disposes of a particular
issue between parties.”  Ajudani v. Walker, 232 S.W.3d 219, 223
(Tex. App.—Houston [1st Dist.] 2007, no pet.).  An order awarding attorneys’ fees is final for
purposes of appeal.  Wittner v. Scanlan, 959 S.W.2d 640, 642 (Tex. App.—Houston [1st
Dist.] 1995, writ denied).

The judgment awarding attorneys’ fees was final when it
was signed in 2007.  See id.  The order enforcing
the award of attorneys’ fees disposed of all the issues relating to the 2007
judgment and did not raise any other issues that remain unresolved.  Accordingly, it was a final order and
appealable.  See Ajudani, 232 S.W.3d at 223. 
Walker filed his notice of appeal, referencing the 2009 order, within 30
days after the 2009 order was signed. 
Because Walker’s notice of appeal constitutes “a bona fide attempt to
invoke the appellate court’s jurisdiction,” we hold we have jurisdiction over
this appeal.  Verburgt, 959 S.W.2d at 616.

                                                                                                                                   
Validity of 2007 Judgment

In his four issues on appeal, Walker argues the trial
court erred by denying his request to withdraw the earlier judgment and grant a
new trial because (1) he did not receive appropriate notice of the trial
setting from the probate clerk; (2) Traylor’s attorney was not authorized to
serve notice of the trial setting on Walker; (3) Traylor was not entitled to an
award of attorneys’ fees beyond the original amount requested; and (4) there
was insufficient evidence to support the award of attorneys’ fees.  Walker presented these grounds for
challenging the validity of the 2007 judgment in response to Traylor’s motion
to enforce the judgment.  

The judgment awarding attorneys’ fees was a final
judgment.  See Ajudani, 232 S.W.3d at 223 (holding probate order finally
disposing of particular issue between parties is final); Wittner, 959 S.W.2d at 642 (holding probate order awarding
attorneys’ fees is final).  The probate
court’s plenary power to vacate, modify, correct, or reform the judgment expired
30 days after it was signed.  Ajudani, 232 S.W.3d at 223 (citing Tex. R. Civ. P. 329b(d)).  Walker did not challenge the validity of the
judgment within that time period, nor did he file an appeal.  See
Tex. R. App. P. 26.1 (setting
deadline for filing appeal).  Once the
probate court’s plenary power expired, it lacked the authority to set aside the
judgment.  Tex. R. Civ. P. 329b(f).

Once the trial court’s plenary power expires and the time
to bring a regular appeal passes, a party’s options to challenge the validity
of a judgment become more limited.  What
options the party has depends on whether the party is challenging the validity
of the judgment in a direct or collateral attack.  A direct attack is a proceeding brought to
correct the former judgment and to secure rendition of a single, proper
judgment.  Austin Indep. Sch. Dist. v. Sierra Club, 495 S.W.2d 878, 881 (Tex. 1973).  In contrast, “[a] collateral attack on a
judgment is an effort to avoid its binding force in a proceeding, instituted
not for the purpose of correcting, modifying, or vacating it, but in order to
obtain specific relief against which the judgment stands as a bar.”  Boudreaux
Civic Ass’n v. Cox, 882 S.W.2d 543, 549 (Tex. App.—Houston [1st Dist.]
1994, no writ).

In his response to Traylor’s motion to enforce, Walker
asked the trial court to withdraw its 2007 judgment and grant a new trial.  He did not ask the trial court to simply
declare the judgment unenforceable.  We
hold that Walker’s challenge was a direct attack on the 2007 judgment.

In Middleton,
the trial court rendered a “consent judgment” after receiving notice that
certain parties no longer consented.  Middleton v. Murff, 689 S.W.2d 212, 213
(Tex. 1985).  The parties that withdrew
their consent did not appeal the rendition of the judgment.  Id.  Instead, the parties later filed a motion to
vacate the consent judgment, which the trial court denied.  Id.  The court of appeals affirmed holding that,
because the judgment was not void, the parties were required to file a bill of
review.  Id.  The Texas Supreme Court
held that, even if the judgment was void, in order to set aside a judgment on a
direct attack when the time for appeal has passed, the complaining party must
bring the complaint in a bill of review. 
Id.  

Walker has brought a direct attack on the validity of the
2007 judgment.  He did not, however,
bring it in a bill of review.  We
overrule appellant’s four issues.[3]




 

                                                                                                                                                                   
Conclusion

We affirm the September 8, 2009 order of the trial court,
constituting a final judgment for purposes of this appeal.

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Jennings, Higley, and Brown.

 











[1]           See Brown v. Traylor,
210 S.W.3d 648 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

 





[2]           Id. at 678.





[3]           Because we hold that Walker has not properly challenged the
validity of the 2007 judgment, we express no opinion on whether the judgment is
in fact invalid.