

## In the
## Court of Appeals
## Second Appellate District of Texas
## at Fort Worth

———————————————

No. 02-21-00419-CV

———————————————

IN RE: ESTATE OF SHARON KAYE KARNES HEFFNER, DECEASED

On Appeal from the County Court at Law
Cooke County, Texas
Trial Court No. PR17995

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

This appeal stems from the application to probate the will of Sharon Kaye Karnes Heffner. During those proceedings, Appellant Darryl Heffner filed a notice of appeal from an Order of Partial Dismissal signed by the trial court on November 19, 2021. After Appellant filed his notice of appeal, the trial court signed an order for security costs and an order admitting the will to probate and authorizing letters testamentary. In twelve issues, Appellant challenges the trial court's November 19, 2021 Order of Partial dismissal, the qualifications of the named executors, the trial court's authority to order mediation and discovery, the trial court's order for security costs and striking Appellant's pleadings, and the disqualification of the trial court. We affirm.

## I. BACKGROUND

Appellant is the surviving husband of Sharon and together they had three sons: Timothy, Matthew, and Jonathan. Sharon executed a will on August 8, 2013 that named Timothy as independent executor. That same day, Sharon executed a revocable living trust that named Timothy as the successor trustee upon the death of Sharon. Matthew and Jonathan were named as successor executors and trustees in the event Timothy was unable to serve in those roles. On May 19, 2020, Sharon executed a first amendment to her revocable living trust that distributed the contents[1] of her

---

[1] Sharon excepted her jewelry and Hummels from the distribution.

homestead located in Gainesville, Texas to Appellant. That same day, Sharon executed a general warranty deed granting the homestead property in Gainesville to her three sons. Sharon died on May 22, 2020.

On June 8, 2021, Timothy filed an application for probate of a will not produced in court and for letters testamentary. The application stated that the will was in the possession of Appellant and that he would not turn over the will for probate. Appellant filed an objection to the application in which he stated that he was not in possession of Sharon's will and that Timothy and his brothers were disqualified from serving as independent executors of the will.

On September 15, 2021, Appellant filed "Plaintiff's Motion for Default Judgment Regarding Matthew Heffner with Plaintiff's Motion to Sever." Appellant separately filed on that day a motion for default judgment and motion to sever Jonathan Heffner. In both filings, Appellant referred to himself as the "plaintiff" in the probate cause of action.

Timothy filed a response to Appellant's motions and noted that Appellant is not the "plaintiff" and that Matthew and Jonathan are beneficiaries under the will but are not parties to the lawsuit and have not been served with pleadings. Timothy also filed a motion for security costs requesting the trial court to require Appellant to provide security under Texas Estates Code § 53.052.

The trial court set a hearing for Appellant's motion for default judgment, Timothy's motion for security, and the application to probate the will. Appellant filed

3

a "trial brief" the day before the hearing. At the hearing, the trial court informed Appellant:

> [T]his is not an original civil proceeding. This is a probate proceeding. An application to probate a will has been filed. As a respondent or a beneficiary you can do one of two things. You can challenge the validity of the will or you can challenge the qualifications of an executor or administrator. You are not a plaintiff in this case. There are no plaintiffs. If you want to sue somebody, then you can do that in a separate lawsuit under a separate number and not in this case. . . . You are a respondent.

The trial court told the parties to discuss a scheduling order and also a final hearing on the application to probate the will. After the hearing, the trial court signed an order dismissing Appellant's motion for default judgment, motion to sever, his trial brief, and his petition.

On December 9, 2021, Appellant filed a notice of appeal from the November 19 Order of Partial Dismissal. While that appeal was pending, the trial court held a hearing on Timothy's motion to deposit security costs. The trial court's subsequent order struck the pleadings Appellant filed after the November 19 Order and ordered Appellant to deposit $30,000 as security to cover the probable costs of the proceeding. On June 13, 2022, the trial court held a hearing on Timothy's application to probate the will and signed an order admitting the will to probate, naming Timothy as independent executor, and ordering that letters testamentary shall issue to Timothy. Appellant was not present for either of those hearings.

This court initially questioned whether the November 19 Order was a final, appealable order, but determined that the appeal would continue. The notice of appeal Appellant filed on December 9, 2021 was premature both as to the security for costs order signed February 1, 2022 and the order admitting the will for probate and authorizing letters testamentary signed on June 13, 2022. Tex. R. App. P. 27.1(a). Appellant filed a brief in this Court on December 28, 2022 challenging the trial court's November 19, February 1, and June 13, orders.

## II. DISCUSSION

**A. November 19, 2021 Order of Partial Dismissal**

In his first issue, Appellant argues that the November 19 Order is the final judgment in this proceeding.

Whether an appellate court has jurisdiction to determine the merits of an appeal is a question of law we review de novo. *Matter of Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021). The general rule is that an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Probate proceedings, however, are an exception to the "one final judgment rule." *Jones*, 629 S.W.3d at 924. In probate proceedings, "multiple judgments final for purposes of appeal can be rendered on certain discreet issues." *Id* at 925 (quoting *DeAyala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006)).

The November 19 Order disposed of Appellant's motions for default judgment and motions to sever, Appellant's trial brief, and Appellant's petition and was final as

5

to those issues. *See Jones*, 629 S.W.3d at 925. However, the November 19 Order is a *partial* order and did not dispose of the entire proceeding. *See id.*

Appellant contends that the trial court dismissed his disqualification claims in the November 19 Order, but the order does not dispose of the application to probate the will or Appellant's objections to the executor. To the extent that Appellant argues that the November 19 Order is the sole final judgment in this appeal, we overrule the first issue. The application to probate the will remained pending in the trial court after the November 19 Order. *See id.*

In his second issue, Appellant argues that the trial court erred by dismissing his petitions, trial brief, and motions for default judgment and severance. Appellant again argues that the trial court dismissed his objections to the qualifications of Timothy, Matthew, and Jonathan to serve as executor or trustee. As previously stated, the trial court did not dispose of those claims in the November 19 Order.

Appellant also argues that the trial court dismissed his pleadings *sua sponte* and without notice. The record shows that Appellant received notice of the November 16, 2021 hearing and objected to the hearing. Appellant filed a trial brief on November 15, 2021 to which Timothy objected. Appellant appeared at the November 16 hearing and participated in the hearing.

At the hearing, the trial court correctly explained to Appellant that he was not the plaintiff in the probate proceeding. The trial court further explained that

6

Appellant could challenge the qualifications of an executor or administrator, but that he would need to bring a separate lawsuit to sue someone.

Appellant seems to argue that he did not waive his right to appeal the November 19 Order. We agree. The November 19 Order was an appealable order; however, the application to probate the will remained pending in the trial court. *See id.* We overrule the second issue.

In his third issue Appellant argues that the trial court erred by failing to grant his motion for default judgment against Jonathan. In the application to probate Sharon's will and issue letters testamentary, Jonathan was identified as a person who would inherit as an heir in the absence of a valid will. Jonathan was not a named party in the proceeding. Appellant, as plaintiff, sought a default judgment against Jonathan because he failed to file an answer. Because Appellant was not a plaintiff and Jonathan was not a defendant in the probate proceeding, Jonathan was not required to file an answer. *See* Tex. R. Civ. P. 83, 239. The trial court did not err in failing to grant a default judgment against Jonathan. We overrule the third issue.

## B. Disqualification of Executors

In issues four, five, and six, Appellant argues that Timothy, Matthew, and Jonathan are each disqualified from serving as executors. Appellant filed an objection in the trial court arguing in favor of their disqualification. After a hearing on the application to probate Sharon's will, the trial court named Timothy to serve as independent executor.

7

A trial court's rulings on probate applications are generally reviewed under an abuse of discretion standard. *In re Guardianship of Bayne*, 171 S.W.3d 232, 235 (Tex. App.—Dallas 2005, pet. denied). "The power and right of a testator to select his own independent executor" is "well fixed in the Texas law." *In re Estate of Gober*, 350 S.W.3d 597, 599 (Tex. App.—Texarkana 2011, no pet.) (quoting *Boyles v. Gresham,* 158 Tex. 158, 309 S.W.2d 50, 53 (1958)).

Section 304.003 of the Texas Estates Code provides that:

A person is not qualified to serve as an executor or administrator if the person is:
(1) incapacitated;
(2) a felon convicted under the laws of the United States or of any state of the United States unless, in accordance with law, the person has been pardoned or has had the person's civil rights restored;
(3) a nonresident of this state who:
    (A) is a natural person or corporation; and
    (B) has not:
        (i) appointed a resident agent to accept service of process in all actions or proceedings with respect to the estate; or
        (ii) had that appointment filed with the court;
(4) a corporation not authorized to act as a fiduciary in this state; or
(5) a person whom the court finds unsuitable.

Tex. Estates Code Ann. § 304.003.

At the hearing, Timothy testified that he met each of the qualifications set out in Section 304.003. Appellant does not argue that Timothy is disqualified based upon any of the requirements set out in Section 304.003, but rather argues that Timothy is disqualified because (1) he asserts an interest in the Gainesville homestead property, (2) he lied in court, and (3) he does not communicate with Appellant.

8

First, an independent executor is not unsuitable simply by virtue of a claim as a beneficiary under a will. *Gober*, 350 S.W.3d at 600. Second, the record does not support Appellant's argument that Timothy lied in court. Finally, family discord alone is not enough to find an independent executor unsuitable. *Id.* at 601–602 n.3. The trial court did not abuse its discretion in naming Timothy as independent executor. We overrule the fourth issue.

Because Matthew and Jonathan are named successor executors and we find that the trial court did not err by naming Timothy as independent executor, we need not determine their qualifications to serve. Therefore, we need not address the fifth and sixth issues. Tex. R. App. P. 47.1 Moreover, there is nothing in the record to indicate that either Matthew or Jonathan were disqualified under Section 304.003.

## C. Mediation and Discovery

In issues seven and eight, Appellant argues that the trial court erred by ordering mediation and discovery. Appellant first contends that mediation is not part of the judicial branch of government and that the trial court cannot compel commerce.

It is the policy of the State of Texas to "encourage the peaceable resolution of disputes" and "the early settlement of pending litigation through voluntary settlement procedures." Tex. Civ. Prac. & Rem. Code Ann. § 154.002. The trial court may on its own motion refer a pending dispute for resolution by an alternative dispute resolution procedure. Tex. Civ. Prac. & Rem. Code Ann. § 154.021(a). In its scheduling order, signed by Appellant, the trial court ordered mediation on or before May 25, 2022.

9

There is nothing in the record to show that Appellant objected to the trial court's scheduling order. *See* Tex. R. App. P. 33.1(a). There is also nothing in the record to show that mediation occurred or that Appellant was penalized for not attending mediation. Appellant has not shown that the trial court abused its discretion in ordering mediation by way of a scheduling order. *See Decker v. Lindsay*, 824 S.W.2d 247, 250 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). We overrule the seventh issue.

Appellant next contends that the trial court could not order discovery because there was no adversarial proceeding. As part of the scheduling order, the trial court provided a timeline for discovery. As previously stated, Appellant signed the scheduling order and did not object to the order. *See* Tex. R. App. P. 33.1(a). A trial court has authority to order reasonable discovery and impose sanctions for failing to comply with a discovery order. *See* Tex. R. Civ. P. 215.2(b). We overrule the eighth issue.

**D. February 1, 2022 Order on Amended Motion for Security for Certain Costs**

In his ninth issue Appellant argues that the trial court did not have jurisdiction to enter the February 1, 2022 order for security costs because its plenary jurisdiction had expired. In his tenth issue, Appellant argues that the trial court erred by ordering him to deposit $30,000 with the county clerk. In his eleventh issue, Appellant argues that the trial court erred by striking "everything Beneficiary filed."

10

We review a trial court's subject-matter jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A trial court's plenary power expires thirty days from the date judgment is signed if no action is taken that would extend the plenary jurisdiction period. Tex. R. Civ. P. 329b(f); *Bahr v. Kohr*, 928 S.W.2d 98, 100 (Tex. App.—San Antonio, writ denied). Appellant contends that the trial court's plenary jurisdiction expired thirty days after signing the November 19, 2021 order.

As previously stated, probate proceedings are an exception to the "one final judgment rule" and may give rise to multiple appealable orders. *Jones*, 629 S.W.3d at 924. Such orders do not necessarily deprive the probate court of plenary power. *Estate of Harris*, No. 02-19-00333-CV, 2021 WL 832721 at *5 (Tex. App.—Fort Worth March 4, 2021, pet. denied). The November 19 Order was sufficiently final to permit appellate review, but the probate court retained authority over the probate proceeding, including the authority to enter orders. *Id.* Therefore, the trial court had jurisdiction to enter the February 1, 2022 order for security costs. We overrule the ninth issue.

Appellant next argues that the trial court erred by ordering him to deposit $30,000 in security costs with the country clerk. On August 6, 2021, Timothy filed a motion for security costs pursuant to Section 53.052 of the Estates Code which provides that:

11

(b) At any time before the trial of an application, complaint, or opposition described by Subsection (a), anyone interested in the estate or an officer of the court may, by written motion, obtain from the court an order requiring the person who filed the application, complaint, or opposition to provide security for the probable costs of the proceeding. The rules governing civil suits in the county court with respect to giving security for the probable costs of a proceeding control in cases described by Subsection (a) and this subsection.

Tex. Estates Code Ann. § 53.052(b). Appellant filed a response to the motion for security costs on August 11, 2021 in which he stated that the motion was made in bad faith. Timothy filed an amended motion on January 5, 2022 noting that the probable costs would be in excess of $30,000 because of the numerous filings by Appellant requiring responses. Appellant did not respond to the amended motion and did not appear at the hearing on the amended motion.

Section 53.052 allows the trial court to order a person opposing the application admitting a will to probate to provide security for the probable costs, and Timothy presented evidence to the trial court that because of the numerous filings by Appellant, the probable costs would be in excess of $30,000. Appellant has not shown that the trial court abused its discretion in ordering him to deposit $30,000 in the court's registry. *See In re Estate of Frederick*, 311 S.W.3d 127, 130 (Tex. App.—Fort Worth 2010, no pet.). We overrule the tenth issue.

Appellant also argues that the trial court struck "everything" he filed. In the February 1 Order, the trial court found that:

12

1. [T]he pleadings filed herein by [Appellant] and considered by this Court are without merit, and after hearing on the matter, shall be struck;

2. [T]he pleadings filed herein, actions taken and claims made by [Appellant] in this matter constitute an abuse of the legal system and show disregard for this Court and its authority under the law;

3. [T]he pleadings filed herein, actions taken and claims made by [Appellant] in this matter appear to be designed to deplete the Decedent's estate of resources[.]

The trial court did not strike "everything" filed by Appellant. He was permitted to challenge the qualifications of Timothy to serve as executor but did not appear at the hearing on the application to probate the will. Appellant has not shown any error in the trial court's February 1 Order. We overrule the eleventh issue.

## E. Recusal or Disqualification of Trial Judge

In the twelfth issue, Appellant argues that the trial court should be recused or disqualified.

Texas Rule of Civil Procedure 18a provides that a party can move to recuse or disqualify a judge who is sitting in a case. Tex. R. Civ. P. 18a(a). Appellant did not file a motion to recuse or disqualify the trial judge. "The procedural requirements for recusal are mandatory and failure to file a proper motion will result in waiver of the recusal issue on appeal." *Johnson v. AT&T Servs., Inc.*, No. 05-10-01426-CV, 2012 WL 479736, at *1 (Tex. App.—Dallas Feb. 15, 2012, no pet.) (mem. op.). Because Appellant did not file a motion to recuse the trial judge, he has forfeited his recusal argument.

13

Appellant argues that the trial judge is disqualified because he engaged in the practice of law by providing Appellant with legal advice. The trial judge notified Appellant by letter dated November 30, 2021 that there was not a final appealable judgment in the proceeding at that time and that he would have thirty days from the date of a final judgment to file an appeal.[2]

A motion to disqualify should be filed as soon as practicable after the movant knows of the ground stated in the motion. Tex. R. Civ. P. 18a(b)(2). Appellant did not file a motion to disqualify the trial judge; however, disqualification can be raised for the first time on appeal. *See McElwee v. McElwee*, 911 S.W.2d 182, 196 (Tex. App.—Houston [1st Dist.] 1995, writ denied). A trial judge must disqualify in any proceeding in which the judge has served as a lawyer in the matter in controversy. Tex. R. Civ. P. 18b(a)(1). The trial judge did not serve as a lawyer in the proceeding or practice law by informing Appellant by letter of his right to appeal. Appellant has not provided any other ground for disqualification. We overrule the twelfth issue.

### III. CONCLUSION

We affirm the trial court's November 19, 2021 Order of Partial Dismissal, the February 1, 2022 Order on Amended Motion for Security for Certain Costs, and the June 13, 2022 Order Admitting Will Not Produced in Court to Probate and Authorizing Letters Testamentary.

---

[2]As previously discussed, Appellant timely filed a notice of appeal from the November 19 Order, and this court determined that the appeal should continue.

14

/s/ Mike Wallach

Mike Wallach

Justice

Delivered: June 8, 2023