Clovis L. PRINCE, Appellant,

v.

AMERICAN BANK OF
TEXAS, Appellee.

No. 05–12–00117–CV.

Court of Appeals of Texas,
Dallas.

April 9, 2012.

Clovis Prince, Bonham, pro se.

Stephen C. Rasch, Richard B. Phillips, Jr., Thompson & Knight, LLP, Dallas, Jules P. Slim, Irving, for Appellee.

Before Chief Justice WRIGHT and Justices FRANCIS and LANG–MIERS.

## OPINION

Opinion By Chief Justice WRIGHT.

Before the Court are American Bank of Texas's March 6, 2012 motion to dismiss Clovis L. Prince's appeal and Prince's March 9, 2012 motion to review the trial court's order sustaining American Bank's contest to his affidavit of indigence. Because we agree with American Bank's assertion in its motion that Prince, a nonparty to the underlying action, lacks standing to bring this appeal, we grant American Bank's motion and dismiss Prince's motion and the appeal for want of jurisdiction.

Standing, which focuses on who may bring a lawsuit, is a threshold issue in any proceeding, including an appeal. *See Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex.2010), *cert. denied*, —— U.S. ——, 131 S.Ct. 1017, 178 L.Ed.2d 829 (2011); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex.2001); *Office of Attorney Gen. of Tex. v. Crawford*, 322 S.W.3d 858, 860 (Tex.App.-Houston [1st Dist.] 2010, pet. denied). It is implicit in the concept of subject matter jurisdiction, which is essential to our authority to decide a case. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Generally, only parties to the judgment or of record have standing to appeal, and they must complain of error "injuriously" affecting them, not others. *Torrington Co. v. Stutzman*, 46 S.W.3d 829,

843 (Tex.2000); *Cont'l Cas. Co. v. Huizar,* 740 S.W.2d 429, 430 (Tex.1987).

Attached to American Bank's motion is a copy of the order from which Prince appeals. The order, which authorizes the transfer of certain property to American Bank, reflects only two parties to the suit: (1) American Bank and (2) P & A Real Estate, Inc. Prince has not responded to American Bank's motion but in his notice of appeal, he complains that American Bank failed to establish the property transferred "is owned and/or managed by P & A Real Estate, Inc. or any entity with any business relationship with American Bank." The notice of appeal is signed by Prince "Individually and as Individual."

Prince's notice of appeal reflects Prince is appealing individually, but he is not a party to the judgment. Additionally, the notice reflects he is complaining of an error affecting another, not him. Because Prince is not a party to the judgment and is not complaining of an error affecting him, we conclude he lacks standing to appeal the order authorizing the transfer of the property. We grant American Bank's motion and dismiss Prince's motion to review the order on the contest and the appeal for want of jurisdiction. *See* TEX. R.APP. P. 42.3(a).