

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00028-CV

IN THE ESTATE OF LINDA J. VELVIN, DECEASED

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court Nos. 39,821, 39,821A & 39,821B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Appellant, attorney William Demond, is without a client in this matter, although he previously had served as attorney ad litem for C.A., a minor, regarding her interests in the Estate of Linda Joyce Velvin, deceased. Demond appeals the trial court's assessment of sanctions[1] against Demond and its denial of any attorneys' fees to Demond for his prior services for C.A. herein, along with other issues. Because (1) we lack jurisdiction over all issues but sanctions and ad litem attorneys' fees, (2) Demond has not shown an abuse of discretion in the trial court's assessment of sanctions, and (3) no issue has been preserved regarding ad litem attorneys' fees, we affirm the judgment of the trial court.

Without detailing the entire, rather complex, procedural history of this case in the body of this opinion,[2] we will simply say that Demond was appointed as attorney ad litem for C.A.,

---

[1] The trial court closed the Velvin Estate and assessed sanctions in the amount of $5,130.00 against Demond.

[2] An application to probate Velvin's will was filed June 4, 2008. The will appointed James Naples as the executor of the Estate, left attorney Mark Lesher $1.03, and provided that "James Naples is to over see who is to get what - my granddaughter [C.A.] need [sic] to be included."

Shortly after the will's admission to probate, Kyle Davis was appointed as administrator of the estate. Over the next three and one-half years, Davis, with the approval of the County Court, paid Teresa McCraw $14,797.34 in reimbursement for what were represented as estate expenses and accepted $5,664.50 in administrator fees. The record contains receipts for various expenses including goat feed, telephone bills, utility bills, veterinarian bills, and gas receipts. Demond argues these expenses were inappropriate. On February 28, 2012, the County Court appointed Demond to serve as attorney at litem for C.A. The Texas Probate Code mandates appointment of an attorney ad litem to represent the interests of the proposed ward. *In re Guardianship of Glasser*, 297 S.W.3d 369, 375 (Tex. App.—San Antonio 2009, no pet.); *see* TEX. PROB. CODE ANN. § 646(a) (West Supp. 2012). Although a guardian ad litem was initially appointed, that officer was discharged April 13, 2012. On May 3, 2012, Davis filed an "Application for Authority to Initiate Litigation and Employ Attorney" alleging the need to litigate Velvin's real estate transactions.

Jeri Calhoun, C.A.'s mother, filed two objections to the appointment of Demond as attorney ad litem. Calhoun argued that the estate was not large and that she, as a licensed attorney, could protect C.A.'s interests. The motions also claimed that Demond, as a friend of Lesher, had a conflict of interest. The County Court, based on a sua sponte review of the file, removed Davis as administrator May 7, 2012, appointed Mount Pleasant attorney Sam Russell as administrator, and appointed Texarkana attorney Winford Dunn as attorney ad litem to represent any unknown heirs. The County Court initially denied Davis' and Calhoun's attempts to transfer the case to the County

played an active part in that role, was sanctioned and denied attorneys' fees, and is no longer an attorney for any party to this action.

---

Court at Law. This denial references an April 4, 2012, objection to Demond, and a motion to transfer does not appear to be contained in our appellate record.

The record contains a family settlement agreement between McCraw and Calhoun executed June 4, 2012. The settlement agreement provided that McCraw would pay $19,000.00 into the estate as well as transfer title of the "1986 18' Fiberglass boat" back to the estate. The agreement, though, required Davis to be removed as administrator and Demond to be removed as attorney ad litem.

Also on June 4, 2012, Davis provided a "Final Accounting of Former Administrator," which describes real estate transactions between Velvin and James F. Rice concerning approximately ten acres. This accounting claims the estate had $13,586.81 in cash on hand and $10,275.00 in personal property in the possession of the former administrator and indicates the boat title had been returned and $19,000.00 paid into the estate—an accounting claiming a total of $45,861.81.

On July 2, 2012, Demond filed a motion for sanctions, forfeiture of bond, and contempt alleging numerous malfeasances committed by Davis.

On June 12, 2012, Calhoun, as next friend of C.A., filed a petition for writ of mandamus with this Court seeking a transfer of the case to the County Court at Law. This Court issued an opinion conditionally granting mandamus relief and ordering the "transfer to the County Court at Law the contested matters involving Davis' removal as administrator, Russell's appointment as successor administrator, and Demond's appointment as attorney ad litem for [C.A.]." *In re Estate of Velvin*, No. 06-12-00062-CV, 2012 Tex. App. LEXIS 6368 (Tex. App.— Texarkana Aug. 2, 2012, orig. proceeding) (mem. op.).

On August 3, 2008, the County Court rendered an order in compliance with the literal language of our opinion and transferred to the Court at Law of Bowie County the disputes involving Davis' removal as administrator, Russell's appointment as successor administrator, and Demond's appointment as attorney ad litem for C.A. No party has complained on appeal of this partial transfer order. Eventually, on January 4, 2013, the County Court transferred the remainder of the case to the Court at Law of Bowie County.

On August 28, 2012, Demond filed an unverified motion seeking recusal of the Honorable Jeff Addison, presiding judge of that court. Calhoun filed objections and a motion for sanctions, pointing out the lack of verification. Demond then filed a verified motion to recuse Judge Addison. On October 11, 2012, a visiting judge assigned to preside over the recusal motion denied the motion to recuse and sanctioned Demond for filing a frivolous and groundless motion.

On January 18, 2013, Demond and Russell filed motions seeking to withdraw as attorney ad litem and administrator, respectively. On March 5, 2013, Judge Addison gave the parties notice that a hearing would be held March 11, 2013, on the eight pending motions in the case. On March 8, 2013, Mark Lesher requested a jury trial and tendered a jury fee.

At a hearing on March 11, 2013, Demond initially withdrew his motion to withdraw in light of a settlement agreement that there were no heirs other than C.A. After discussion of the settlement agreement and closing the Estate, Demond reinstated his motion to withdraw and Judge Addison granted it. Judge Addison signed orders March 11, 2013, granting Demond's and Russell's motions to withdraw and reinstating Davis as administrator.

On March 14, 2013, Judge Addison signed a written judgment declaring that Velvin died testate leaving $1.03 to Lesher and the remainder of the Estate to C.A. On April 2, 2013, Judge Addison closed the administration and discharged Davis' bond. Demond filed a notice of appeal and a motion for new trial. The record also indicates a check for $1.03 was delivered to Lesher by certified mail. After filing his notice of appeal, Demond also filed a petition for writ of mandamus with this Court that we dismissed due to an inadequate record. *See In re Estate of Velvin*, 398 S.W.3d 426, 428 (Tex. App.—Texarkana 2013, orig. proceeding).

3

On appeal, Demond complains that the visiting judge abused his discretion when he granted sanctions without notice and without satisfying statutory requirements and that Judge Addison erroneously disregarded Lesher's jury trial request, made findings of fact unsupported by the record, failed to appoint a new ad litem after granting Demond's motion to withdraw, denied Demond compensation for serving as ad litem, and erred in discharging Davis' bond. Demond also seeks mandamus relief and a stay in the trial court until this Court issues its opinion. Demond provides this Court with no authority that a request for extraordinary relief, normally brought in an original proceeding, can be raised by a point of error in an appellate brief. We must construe pleadings by their substance rather than their heading or title. *Ryland Enter. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (orig. proceeding). The essential substance of this proceeding, though, is clearly an attempt to bring a direct appeal, not a petition for writ of mandamus. We agree with the First and Fifth District Courts of Appeals that mandamus relief cannot be requested in a direct appeal. *Hamilton Guar. Capital, LLC v. Orphan House Prods., LLC*, No. 05-11-01401-CV, 2012 Tex. App. LEXIS 4974, at *3 (Tex. App.—Dallas June 21, 2012, no pet.) (mem. op.); *Hamlett v. Hamlett*, No. 12-11-00307-CV, 2006 Tex. App. LEXIS 8247, at **5–6 (Tex. App.—Houston [1st Dist.] Sept. 21, 2006, pet. denied) (mem. op.). A direct appeal and a mandamus action are two different proceedings governed by different rules, and they cannot be filed together as a single proceeding. Two parallel proceedings could be filed, but not a direct appeal and a mandamus in one action.

4

Davis claims in response that Demond lacks standing to raise all of the complaints other than sanctions and requests that we sanction Demond ourselves.

*(1)     We Lack Jurisdiction over all Issues but Sanctions and Ad Litem Attorneys' Fees*

*(a)     We Have Jurisdiction over Sanctions and Attorneys' Fees*

In an unpublished case, the Fort Worth Court of Appeals has ruled that an attorney who no longer represents a party in a lawsuit lacks a right to appeal sanctions assessed against him or her. *See In re Hill*, No. 2-7-295-CV, 2007 Tex. App. LEXIS 7928 (Tex. App.—Fort Worth Oct. 3, 2007, orig. proceeding) (mem. op.). We notified Demond, by letter, that we might lack jurisdiction over the sanctions issue and requested a response from him.

A majority of our sister Courts of Appeals, however, have held that an attorney must either file a joint notice of appeal with a party or file his or her own notice of appeal to challenge a sanction order.[3] This Court has suggested that an attorney may bring a separate appeal to contest a sanction order. *Onstad v. Wright*, 54 S.W.3d 799, 804 (Tex. App.—Texarkana 2001, pet. denied).

The Texas Supreme Court has yet to take a position on this issue. *See Braden v. Downey*, 811 S.W.2d 922, 928 n.6 (Tex. 1991) (orig. proceeding) (treating attorney as relator but

---

[3]*See, e.g., Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 388 (Tex. App.—Austin 2010, pet. denied) (party lacked standing to appeal sanctions assessed solely against counsel); *Matbon, Inc. v. Gries*, 287 S.W.3d 739, 740 (Tex. App.—Eastland 2009, no pet.) (same); *Rudisell v. Paquette*, 89 S.W.3d 233, 235 n.1 (Tex. App.—Corpus Christi 2002, no pet.); *Sluder v. Ogden*, No. 03-10-00280-CV, 2011 Tex. App. LEXIS 267, at **5–6 (Tex. App.—Austin Jan. 13, 2011, pet. denied) (mem. op.); *Niera v. Frost Nat'l Bank*, No. 04-09-00224-CV, 2010 Tex. App. LEXIS 1709, at **3–4 (Tex. App.—San Antonio Mar. 10, 2010, pet. denied) (mem. op.); *Benavides v. Knapp Chevrolet, Inc.*, No. 01-08-00212-CV, 2009 Tex. App. LEXIS 1044, at **7–8 (Tex. App.—Houston[1st Dist.] Feb. 12, 2009, no pet.) (mem. op.).

expressing "no opinion on the question whether, in order to seek review of sanctions by appeal, an attorney must perfect a separate appeal apart from that perfected by his client.").

This Court's precedent and the consensus among our sister courts is that an attorney has standing to appeal sanctions assessed against him or her. We decline to follow the reasoning of *Hill* and conclude that we have jurisdiction over the sanctions assessed against Demond.

In addition, we conclude that Demond has a justiciable interest, which can be raised and addressed in this proceeding, in reasonable compensation for serving as attorney ad litem. While not all attorneys' fee disputes will create a justiciable interest in the case in which they are accrued, a justiciable interest exists here for attorney ad litem fees. An attorney ad litem is entitled to reasonable[4] compensation taxed as costs.[5] *See* TEX. PROB. CODE ANN. § 34A. The fact that attorneys' fees are required to be assessed as costs, regardless against whom the costs are assessed, creates a justiciable interest particular to that case. Thus, we conclude that we have jurisdiction over both the sanctions issue and Demond's complaint that he was denied compensation as an attorney ad litem.

---

[4]A request for attorneys' fees must establish that the fees are reasonable based on the approved factors. *See* TEX. DISCIPLINARY R. PROF. CONDUCT 1.04; *see also Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); *Brockie v. Webb*, 244 S.W.3d 905, 909 (Tex. App.—Dallas 2008, pet. denied) (although hourly time records need not necessarily be kept, fees must be reasonable).

[5]The plain language of Section 665A of the Texas Probate Code provides that attorney ad litem fees in guardianship proceedings are assessed as costs, but the cost, should be paid out of the ward's estate. TEX. PROB. CODE ANN. § 665A (West Supp. 2012); *In re Mitchell*, 342 S.W.3d 186, 190 (Tex. App.—El Paso 2011, no pet.). Section 34A, though, is silent concerning who should pay the costs. TEX. PROB. CODE ANN. § 34A (West 2003). The Texas Courts of Appeals are split concerning whether the costs should be assessed against the estate or based on the provisions regulating costs in ordinary civil cases. *Compare Ajudani v. Walker*, 232 S.W.3d 219, 224 (Tex. App.—Houston [1st Dist.] Dist. 2007, no pet.) (based on legislative history of Section 34A, the fees should be paid from the estate), *with Estate of Frederick*, 311 S.W.3d 127, 131 (Tex. App.—Fort Worth 2010, pet. denied) (rejecting Ajudani's legislative history analysis and concluding costs should be governed by provisions regulating costs in ordinary civil cases). It is not necessary for us to decide this issue in this appeal.

6

*(b)     We Lack Jurisdiction over Demond's Other Issues*

We agree with Davis, however, that Demond lacks standing to bring his remaining complaints.  Demond is neither a party nor an attorney of record for any party.  The trial court granted Demond's request to withdraw.  With no existing attorney-client relationship, Demond is left only to claim that an attorney who is no longer an attorney ad litem for a child can still bring an appeal on behalf of his former client.

The general rule under Texas law is that an appeal can generally be brought only by a named party in the suit.  *See City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 754 (Tex. 2003); *Cont'l Cas. Co. v. Huizar*, 740 S.W.2d 429, 430 (Tex. 1987); *Gunn v. Cavanaugh*, 391 S.W.2d 723, 724 (Tex. 1965); *see also Marino v. Ortiz*, 484 U.S. 301, 304 (1988) ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled.").

Demond does not urge the doctrine of virtual representation,[6] but rather claims a different exception applies when a party is interested in a judgment.  Demond cites *Sluder v. Ogden*, 2011 Tex. App. LEXIS 267, at \*\*5–6, and *In re Evans*, 130 S.W.3d 472, 478 (Tex. App.—Houston [14th Dist.] 2004, pet. dism'd).  Both of these cases rely on *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000) (appealing party liable for judgment against non-appealing party could challenge judgment).  *Torrington* does not supplant the general rule but is a supplement to it when a party seeks to challenge issues that may not affect them.

---

[6]The doctrine of virtual representation is a recognized exception to the general rule.  *See City of San Benito*, 109 S.W.3d at 754; *Gunn v. Cavanaugh*, 391 S.W.2d 723, 724 (Tex. 1965).

*Torrington* held that "an appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others." *Id. Torrington* is consistent with the general rule. It focuses exclusively on the existence of a justiciable interest because the issue was whether an appellant, over whom the court already had personal jurisdiction, could raise issues concerning other parties over whom the court lacked personal jurisdiction. We agree with the Dallas Court's succinct and accurate summation: "Generally, only parties to the judgment or of record have standing to appeal, and they must complain of error 'injuriously' affecting them, not others." *See Prince v. Am. Bank of Tex.*, 364 S.W.3d 427, 427–28 (Tex. App.—Dallas 2012, no pet.); *see also City of San Benito*, 109 S.W.3d at 754 (reaffirming general rule that only parties may bring appeals).

Demond also cites *In re Estate of Stanton*, 202 S.W.3d 205, 210 (Tex. App.—Tyler 2005, pet. denied), and *Coleson v. Bethan*, 931 S.W.2d 706, 714 (Tex. App.—Fort Worth 1996, no pet.). Neither case creates an exception to the general rule. *In re Estate of Stanton* concerns an ad litem's statutory duty to his client and does not support the existence of any exception. *Stanton*, 202 S.W.3d at 210. *Coleson* permitted an attorney ad litem to appeal his removal, found an abuse of discretion, and ordered the attorney ad litem to be reappointed. *See Coleson*, 931 S.W.2d at 714. Concluding that no provision of the Texas Probate Code governed, *Coleson* applied the removal proceedings of Rule 12 of the Texas Rules of Civil Procedure. *See id.*

*Coleson*, though, does not discuss standing and does not stand for the proposition that any special standing rule applies to an attorney ad litem. In fact, *Coleson*'s application of Rule 12, a rule which applies to all civil cases, indicates attorneys ad litem are governed by the same rules

8

that apply to other attorneys. A former attorney lacks standing to file a Rule 12 motion. *Phillips v. Phillips*, 244 S.W.3d 433, 435 (Tex. App.—Houston [1st Dist.] 2007, no pet.). If a former attorney cannot file a Rule 12 motion, then logically, a former attorney lacks standing to appeal a Rule 12 ruling—including a ruling removing him or her as an ad litem, presumably under Rule 12. The decision to appeal a Rule 12 motion rests with the party to the litigation, not the former attorney. *Coleson* never intended to create a special standing rule and does not support Demond's argument.

Demond is not a party to this appeal, lacks a general justiciable interest, and cannot complain about errors which do not injuriously affect him. *See Torrington*, 46 S.W.3d at 844; *Tex. Workers' Compensation Ins. Fund v. Mandlbauer*, 988 S.W.2d 750, 752 (Tex. 1999). Other than with respect to the sanctions and ad litem attorney fees issues, Demond lacks standing to bring an appeal.[7]

We turn to the two issues over which we have jurisdiction.

---

[7]Demond also argues we should adopt an *Anders* procedure, find an arguable issue, and order appointment of a new attorney. *See In re Guardianship of Hahn*, 276 S.W.3d 515, 518 (Tex. App.—San Antonio 2008, no pet.) (adopting *Anders* procedure in probate appeal). Unlike the record in *Hahn*, the record here contains no indication that another party desires to appeal.

*(2)    Demond Has Not Shown an Abuse of Discretion in the Trial Court's Assessment of Sanctions*

According to Demond, the trial court abused its discretion in assessing sanctions for Demond's motion to recuse. Demond argues he received inadequate notice, the trial court's order lacks the specificity required of a sanctions order, and the record contains insufficient evidence to support the imposition of sanctions.

We review for an abuse of discretion a trial court's determination to impose sanctions. *Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010). To determine whether the trial court abused its discretion, we examine whether it acted without reference to any guiding rules or principles. *Id.* A trial court abuses its discretion only if its decision "is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Ball v. Rao*, 48 S.W.3d 332, 338 (Tex. App.—Fort Worth 2001, pet. denied). "Courts must presume that papers are filed in good faith, and the party moving for sanctions bears the burden of overcoming this presumption." *Parker v. Walton*, 233 S.W.3d 535, 540 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

Although the trial court did not specify the rule under which sanctions were awarded,[8] the pleadings provided notice to Demond that Rule 18a was at issue. Rule 18a(h) of the Texas Rules of Civil Procedure requires sanctions issues on a recusal motion to be heard by the judge presiding over the motion to recuse. TEX. R. CIV. P. 18a(h). The court may assess a sanction if it

---

[8]The Texas Supreme Court has held that a trial court is not required to identify the specific rule or track the language of a specific rule to assess sanctions. *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (court of appeals erred in not reviewing evidence for all pled theories for sanctions); *cf. Sprague v. Sprague*, 363 S.W.3d 788, 803 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (addressing only pled theory).

10

finds the motion was either "(1) groundless and filed in bad faith or for the purpose of harassment, or (2) clearly brought for unnecessary delay and without sufficient cause." *Id.*

Demond first argues that he received inadequate notice of the hearing. Davis' motion for sanctions cited Rule 18a. Due process requires notice that sanctions will be considered, notice of the allegations that allegedly support sanctions, and a reasonable opportunity to respond. *Greene v. Young*, 174 S.W.3d 291, 299 (Tex. App.—Houston [1st Dist.] 2005, pet. denied); *Bisby v. Dow Chem. Co.*, 931 S.W.2d 18, 21 (Tex. App.—Houston [1st Dist.] 1996, no writ) (inadequate notice of allegations); *see Low v. Henry*, 221 S.W.3d 609, 618 (Tex. 2007) (due process required notice of hearing and opportunity to respond). Demond claims that "the record contains no notice of a hearing on sanctions"[9] and that he lacked notice that one of the allegations would be the failure to serve the second motion to recuse.

Demond, though, did not complain to the trial court about lack of notice, either at the time of the hearing or in his motion for reconsideration. The Texas Supreme Court has held that a party complaining about inadequate notice of a sanctions hearing must "bring the lack of adequate notice to the attention of the trial court at the hearing, object to the hearing going forward, and/or move for a continuance." *Low*, 221 S.W.3d at 618. Demond's notice complaint has not been preserved for appellate review.

Demond next complains that the visiting judge's order lacks the required specificity. The original order, in its entirety, reads as follows:

---

[9]Appellate records do not generally contain notices of hearings unless the lack of notice is disputed.

> On October 11, 2012, Came on to be heard Motion to Recuse in above cause after evidence and argument Court finds the motion to recuse should be overruled and it is so ordered. The Court further finds that the verified motion was not served on any party's attorney other than Winford Dunn Jr. The Court further finds that the "verified" motion is frivolous and groundless and orders attorney William Demond to pay expenses to the firm of Langdon and Davis in the amount of 10,211$\frac{00}{}$ and to the firm of Bruce Condit 2565$\frac{00}{}$ as a sanction.

Approximately one week later, the judge reduced the award for Langdon and Davis to $2,565.00 with otherwise identical findings.[10]

While we agree that the order lacks the particularity needed in a sanctions order, Demond failed to object on this basis in the trial court. The motion for reconsideration contains no complaint concerning the particularity of the order. Demond confined his complaints to whether the sanctions were supported by sufficient evidence. Any error in failing to make the required statement of particularity must be preserved by an appropriate objection or motion in the trial court. *See, e.g.*, *Robson v. Gilbreath*, 267 S.W.3d 401, 407 (Tex. App.—Austin 2008, pet. denied); *Bloom v. Graham*, 825 S.W.2d 244, 247 (Tex. App.—Fort Worth 1992, writ denied). Demond has failed to preserve this issue for appellate review.

Demond also argues that the trial court is limited to only Rule 18a(h)(1) of the Texas Rules of Civil Procedure because the trial court made a finding of groundlessness. *See* TEX. R. CIV. P. 18a. The trial court's finding was that the motion was "frivolous and groundless." This finding does not track the language of either prong of Rule 18a(h). As noted above, a trial court's order that does not specify a particular rule or track a particular rule's language must be reviewed in light of all rules for which fair notice has been provided. *See Am. Flood Research,*

---

[10]This modified order was filed before the motion to reconsider and appears to be a sua sponte modification.

*Inc*., 192 S.W.3d at 583. Because we believe Demond was given fair notice of both prongs of Rule 18a(h), we will review the sanctions award under both prongs.

At the hearing, Megan Hassan, Demond's law partner, testified she had personal knowledge that all parties were served by facsimile. Hassan testified that she could provide additional proof, but did not "have it with [her]." Bruce Condit and Brent Langdon testified that they did not receive the verified motion to recuse. Based on the evidence presented at the hearing,[11] the record contains sufficient evidence to support Judge Calhoon's conclusion that the second motion to recuse was not served on all parties.

Demond additionally argues that Judge Addison's earlier recusal in a declaratory judgment lawsuit involving similar issues and similar parties required Judge Addison to recuse on this occasion. We disagree. The test for recusal is whether a reasonable member of the public at large, with knowledge of all the facts in the public domain concerning the judge's conduct, would have a reasonable doubt that the judge is actually impartial. *Hansen v. JP Morgan Chase Bank, N.A*., 346 S.W.3d 769, 776 (Tex. App.—Dallas 2011, no pet.). A previous recusal is not necessarily a ground for a current recusal.[12] Only if the same ground for recusal exists in both cases is the previous recusal relevant. Hassan, representing Demond, made no effort to prove that the same ground for recusal existed in both cases. Although the sole basis for

---

[11]Demond attached to his motion for reconsideration a fax confirmation page from MetroFax, an internet fax service provider, which purports to confirm the fax had been sent. This fax confirmation page, though, is not accompanied by a business records affidavit. Also, the motion to reconsider was not verified.

[12]Davis' attorney's fees expert, Donald R. Ross, testified that, in his experience, the motion to recuse was unfounded. Ross, though, was testifying as an attorneys' fee expert. Although not formally excluded as inadmissible testimony, Ross' testimony, observed the trial court, was to be on attorneys' fees, and the law "would be up [to] this court to decide." Although we agree with Ross' conclusion, we also agree with the trial court that we are not bound by Ross' legal conclusions.

13

the motion was that Judge Addison recused from a similar case, Hassan did not introduce a copy of the pleadings of the similar case or even formally introduce a copy of the earlier recusal.[13] Hassan argued merely that recusal was required.

Also, Demond's filing of the motion to recuse necessarily would trigger the procedures set out by Rule 18a of the Texas Rules of Civil Procedure and would likely cause the delay of any impending hearings or actions by the trial court. *See* TEX. R. CIV. P. 18a. If such a motion is filed before evidence is taken at trial, the trial court ordinarily may not take further action in the case until the recusal motion is decided. TEX. R. CIV. P. 18a(f)(2)(A). Unless the subject judge recuses in response to the motion, the Rule contemplates a referral to the regional presiding judge. TEX. R. CIV. P. 18a(f)(1). Either way, a delay is virtually guaranteed of any impending trial court proceedings in the case. Presumably, that is why the Rule sets out a number of specific requirements, including verification, service on all parties, and its own specific provision for sanctions for certain behaviors. *See* TEX. R. CIV. P. 18a(a)(1), (d), (h).

The combined probative force of the probable delay caused by Demond's motion for recusal, his failure to serve all the parties, and the lack of effort to establish a ground for recusal is sufficient for a reasonable person to conclude that the motion was brought for unnecessary delay and without sufficient cause. Demond presented no arguable ground for recusal. *See Sommers v. Concepcion*, 20 S.W.3d 27, 45 (Tex. App.—Houston [14th Dist.] 2000, pet. denied)

---

[13]Demond attached a copy of Judge Addison's recusal in the similar case to his motion for recusal and his motion for reconsideration. Judge Addison stated that he was recusing from that case because it "involves three local attorneys (Kyle Davis, Mark Lesher, and Winford Dunn) and the Bowie County Judge (Sterling Lacy), as adverse parties…" The current case is distinguishable from the former case at least in that Judge Lacy is not a party to the current case. Also, the previous recusal letter is not certified and does not even bear a file stamp. As noted above, a trial court does not abuse its discretion if a motion for reconsideration is not supported by adequate affidavits.

14

(reversing sanctions given at least one arguable ground and no showing that motion brought solely for delay). Whether the motion was brought for unnecessary delay and without sufficient cause is certainly within the zone of reasonable disagreement. The trial court did not abuse its discretion. Because we find that the evidence sufficiently supported the trial judge's ruling under Rule 18a(h)(2), it is not necessary for us to decide the question under Rule 18a(h)(1).[14]

*(3)* *No Issue Has Been Preserved Regarding Ad Litem Attorneys' Fees*

Finally, Demond claims that the trial court denied him reasonable compensation for his service as an attorney ad litem. Davis argues Demond waived any compensation by not requesting such compensation in his motion to withdraw.

In his reply brief, Demond argues that, because Davis fraudulently depleted the estate, Davis' bond should be forfeited. The citation provided, though, does not support Demond's assertions. The citation provided was a request for attorneys' fees as a sanction against Davis for various alleged acts of malfeasance. A request for sanctions is a distinct issue from a request for reimbursement for ad litem attorneys' fees. While we have jurisdiction over a request for ad litem attorneys' fees, Demond lacks standing to challenge Judge Addison's denial of sanctions against Davis. The justiciable interest in the denial of sanctions belongs to Demond's former client, C.A., not Demond.

---

[14]Demond argues there is insufficient evidence of his state of mind to establish bad faith. Bad faith requires the conscious doing of a wrong for a dishonest, discriminatory, or malicious purpose. *Save Our Springs Alliance, Inc. v. Lazy Nine Mun. Util. Dist.*, 198 S.W.3d 300, 321 (Tex. App.—Texarkana 2006, pet. denied). There is some support for the position that bad faith cannot be inferred solely from a petition's groundlessness. *See Parker v. Walton*, 233 S.W.3d 535, 541 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (evidence surrounding facts required to establish bad faith). It is not necessary for us to decide whether there is sufficient evidence of bad faith; *Karlock v. Schattman*, 894 S.W.2d 517, 524 (Tex. App.—Fort Worth 1995, no pet.) (when attorney does not testify and surrounding circumstances are not introduced, bad faith cannot be inferred from groundlessness of motion).

Demond did not request compensation for his attorneys' fees in his motion to withdraw and has not directed us to where a request for attorneys' fees was presented to the trial court. *See* TEX. PROB. CODE ANN. § 34A. No error in failing to compensate Demond for fees as attorney ad litem has been preserved for appellate review. *See* TEX. R. APP. P. 33.1. We overrule Demond's request to reopen the Estate to compensate him for his attorneys' fees.

Demond, who is not a party and is no longer an attorney for any party, has standing to appeal only the sanctions order and the denial of attorneys' fees. The trial court did not abuse its discretion in assessing sanctions and Demond failed to preserve any error concerning the denial of his attorneys' fees. We decline to assess sanctions at this time.[15]

We affirm the judgment of the trial court.

Josh R. Morriss, III
Chief Justice

Date Submitted:     September 10, 2013
Date Decided:       October 1, 2013

---

[15]Davis also requests that we assess sanctions against Demond for his conduct on appeal. Demond's brief contains a number of misleading statements and considerable argument outside the record. However, we decline to exercise our discretion in assessing any added sanctions against Demond.