**Conditionally GRANT; and Opinion Filed April 14, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00294-CV

### IN RE BANCORPSOUTH BANK, Relator

**Original Proceeding from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-11-15742**

## MEMORANDUM OPINION
Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice Lewis

Relator filed this mandamus proceeding after the trial court ordered relator to withhold certain required trust distributions that would be otherwise payable to real party William C. Slicker and to make those distributions to real party Phyllis Slicker and to deposit any discretionary trust distributions into the trial court's registry. We conclude the trial court abused its discretion and relator has no adequate remedy by appeal. We, therefore, conditionally grant the writ of mandamus.

### I. FACTUAL AND PROCEDURAL CONTEXT

Relator, BancorpSouth Bank, is the trustee of the Anne Cook Slicker and Joseph A. Slicker 1993 Trust for the Benefit of William Cook Slicker. The trust includes a spendthrift provision which states:

> No money or property distributable by the Trustee shall be subject to the claims of any creditor of any beneficiary of the trusts herein created, or to claims for alimony or separate maintenance, nor shall any beneficiary have the right or power to alienate, assign, anticipate or encumber, with or without consideration,

any money or property due or to become due to him or her under the trust herein created except as provided herein, and the trust estate in possession of the respective Trustee shall not be liable for the debts, contracts, engagement or torts of any beneficiary of such trust.

Trust Agreement Executed Between Anne Cook Slicker and Joseph A. Slicker and FirstBank, Trustee art. 7.1 (December 29, 1993).

On January 24, 2014, in the divorce proceedings between real parties Phyllis Slicker and William Slicker, the trial court ordered relator, as trustee, to withhold mandatory and discretionary distributions which would otherwise be payable under the terms of the trust to William Slicker, to pay the mandatory distributions to Phyllis Slicker as spousal support according to the trial court's temporary support order, and to pay the discretionary distributions to the trial court's registry. Neither the trust nor the trustee is a party in the divorce proceeding.

## II. STANDARD FOR MANDAMUS RELIEF

To obtain mandamus relief, relator must show both that the trial court has abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court has "no 'discretion' in determining what the law is or applying the law to facts." *In re Prudential*, 148 S.W.3d at 135 (quoting *Walker*, 827 S.W.2d at 840).

## III. ADEQUACY OF APPELLATE REMEDY

Ordinarily, a non-party lacks standing to appeal. *Prince v. Am. Bank of Texas*, 364 S.W.3d 427 (Tex. App.—Dallas 2012, no pet.) (mem. op.). Under Rule 25.1 of the Texas Rules of Appellate Procedure, "the filing of a notice of appeal by any party invokes the appellate jurisdiction over all parties to the trial court's judgment or order appealed from." TEX. R. APP. P.

25.1. Texas law provides limited exceptions to the rule that a non-party lacks standing to appeal. *See, e.g., Jernigan v. Jernigan*, 677 S.W.2d 137, 140 (Tex. App.—Dallas 1984, no writ) (beneficiaries not named as parties entitled to appeal when trust assets were invaded and their interest was reflected in record); *California and Hawaiian Sugar Co. v. Bunge Corp.*, 593 S.W.2d 739, 740 (Tex. Civ. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.) (recognizing three exceptions to general rule: class actions, will contests, and parties who come in under the doctrine of virtual representation); *Specia v. Specia*, 292 S.W.2d 818, 819 (Tex. Civ. App.—San Antonio 1956, writ ref'd n.r.e.) (nonparty to will contest permitted right to appeal judgment setting aside the will). The trustee does not qualify under any of these exceptions under the circumstances of this case.

A petitioner for mandamus relief must also have standing. "Ordinarily, any person having an interest in the subject matter of the petition is entitled to institute mandamus proceedings, but an officious intermeddler may not seek mandamus in a matter with which he or she is not concerned. A self-proclaimed concern, however sincere, does not confer standing." 55 C.J.S. *Mandamus* § 48. Mandamus is a proper remedy for a trial court's action against a non-party who has no right of appeal, but has standing in the mandamus proceeding. *In re Cobb*, No. 05-98-01965-CV, 1999 WL 689621, at *3 (Tex. App.—Dallas Sept. 7, 1999, orig. proceeding.) (mem. op.); *see also City of Houston v. Chambers*, 899 S.W.2d 306, 308 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding); *Pope v. Davidson*, 849 S.W.2d 916, 920 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding). The trial court has ordered relator, a non-party in the case, to take actions that relator believes are inconsistent with its obligations as trustee. Accordingly, relator may pursue its contention that the trial court has abused its discretion via mandamus.

## IV. ALIENATION OF INTEREST IN SPENDTHRIFT TRUST

Under Texas law, spendthrift trusts are trusts with language prohibiting the voluntary or involuntary alienation of the beneficial interest. *Texas Commerce Bank Nat. Ass'n v. United States*, 908 F. Supp. 453, 457 (S.D. Tex. 1995) (applying Texas law). A spendthrift trust protects the beneficiary from his creditors by expressly forbidding alienation of the beneficiary's interest in the trust. *Id.* Spendthrift trusts are valid in Texas. TEX. PROP. CODE ANN. § 112.035(a); *Texas Commerce Bank,* 908 F. Supp. at 457. "Where it appears from the terms of the instrument creating the trust that it was the donor's or testator's intention to create a trust estate immune from liability for the debts of the beneficiary and to prohibit its alienation by him during the term of the trust, a spendthrift trust is created, and the intentions of the donor or testator will be enforced by the courts of this State." *First Bank & Trust v. Goss*, 533 S.W.2d 93, 95 (Tex. Civ. App.—Houston [1st Dist.] 1976, no writ); *see also Long v. Long*, 252 S.W.2d 235, 247 (Tex. Civ. App.—Texarkana, 1952, writ ref'd n.r.e.). "Spendthrift and similar protective trusts are not sustained out of consideration for the beneficiary; their justification is found in the right of the settlor to control his or her bounty and secure its application according to his or her pleasure." *Texas Commerce Bank*, 908 F. Supp. at 457; *see also Caples v. Buell*, 243 S.W. 1066, 1067 (Tex. Com. App. 1922); *Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 948 S.W.2d 317, 321 (Tex. App.—Dallas 1997, writ denied); *Hines v. Sands*, 312 S.W.2d 275, 278 (Tex. Civ. App.—Fort Worth 1958, no writ).

Although beneficial interests in trusts are generally assignable, attempts to assign such interests are invalid when they are subject to a spendthrift provision in the trust. *Faulkner v. Bost*, 137 S.W.3d 254, 260 (Tex. App.—Tyler 2004, no pet.). Neither the corpus, the accrued income which has not been paid to the beneficiary or the future income to be paid to a beneficiary of a spendthrift trust are subject to the claims of the creditors of the beneficiary while

those amounts are in the hands of the trustee. *First Bank & Trust v. Goss*, 533 S.W.2d 93, 95 (Tex. Civ. App.—Houston [1st Dist.] 1976, no writ).

Real party analogizes the order the trial court entered in this case to an income withholding order directed to an employer for child support or court ordered spousal support under sections 154.007 and 8.101 of the Texas Family Code. Orders under sections 154.007 and 8.101 are creatures of specific statutes that create an exception to the general limitation on garnishment of current wages. There is no similar statute permitting a trial court to redirect payments from a spendthrift trust to a spouse or former spouse. Thus the existence of provisions in the Texas Family Code that allow the re-direction of wages from an employee for payment of spousal or child support does not support the trial court's order redirecting the trust payments in this case.

Real party also analogizes the order in this case to an order under section 154.005 of the Texas Family Code, which provides:

> The Court may order the trustees of a spendthrift or other trust to make disbursements for the support of a child to the extent the trustees are required to make payments to a beneficiary who is required to make child support payments as provided by this chapter.

TEX. FAM. CODE ANN. § 154.005 (West 2014). There is no similar statutory provision exempting spousal support from the spendthrift provisions of a trust. The trial court has abused its discretion in entering a withholding order attempting to circumvent the spendthrift provisions of the trust.

## V. CONCLUSION

For the reasons set forth above, we **CONDITIONALLY GRANT** the relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its January 24, 2014 Order to Withhold Distributions and, to the degree it is applicable to BancorpSouth Bank as trustee of the Anne Cook Slicker and Joseph A. Slicker 1993 Trust for

–5–

the Benefit of William Cook Slicker, fails to vacate that portion of its January 24, 2014 Order on Motion for Temporary Orders Pending Appeal that orders "that an order of withholding is issued to any trust ordering that any mandatory distributions from a trust in which William C. Slicker is the beneficiary, shall withhold distributions and pay it to Phyllis Slicker."

/David Lewis/
DAVID LEWIS
JUSTICE

140294F.P05